# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| ERIC DASHON PETERSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:21-cv-00654-KOB-NAD |
| RAVEN BROOKS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On May 10, 2021, Plaintiff Eric Dashon Peterson initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights while incarcerated at the Bibb Correctional Facility. Doc. 1. On January 10, 2023, the magistrate judge entered a report recommending that Defendants' special report be treated as a motion for summary judgment and further recommending that the motion for summary judgment be granted on Peterson's Eighth Amendment claim for failure to protect and denied on Peterson's Eighth Amendment claim for failure to intervene. Doc. 38.

Defendants Brooks and Williams now have filed objections to the report and recommendation, objecting to the recommendation that summary judgment be denied on Peterson's claims for failure to intervene. Doc. 39. Peterson did not file objections.

Defendants raise three objections, all relating to recommendations that genuine issues of material fact exist regarding the alleged assaults at issue in this case. Doc. 39 at 2–7.

Generally summarized, the evidence for purposes of Defendants' summary judgment motion demonstrated that another inmate repeatedly threatened to slap Peterson in the presence of Defendant Raven Brooks, a correctional officer. Doc. 1 at 4–5. Brooks heard those threats. Doc. 29-2 at 2. Brooks told both Peterson and the other inmate "to stop bickering." Doc. 29-2 at 3. Peterson then was attacked twice by multiple other inmates. Doc. 1 at 2, 4–5, 11; Doc. 32 at 3. Peterson claims that Brooks stood by and did nothing; Brooks disputes this claim. Doc. 1 at 2, 5, 11; Doc. 29-2 at 3. Defendant Williams also saw the fighting, and eventually maced the inmates involved. Doc. 1 at 2, 5; Doc. 29-1 at 1.

In ruling on a motion for summary judgment, a district court must "adhere to the axiom that . . . the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (quotation marks omitted). In that regard, the facts set forth in considering a motion for summary judgment may or may not be the true facts. *See Sears v. Roberts*, 922 F.3d 1199, 1209 (11th Cir. 2019) ("We do not know what the true facts are, but we do know that a genuine dispute of material fact exists, and it precludes granting summary judgment to the correctional officers on [the plaintiff's] § 1983 . . .

claims."). Whether a plaintiff "can establish that the defendants did what he alleges is something he must prove to a jury if his case survives summary judgment." *Sconiers v. Lockhart*, 946 F.3d 1256, 1260 (11th Cir. 2020).

With these basic facts (and disputes) and rules of law in mind, the court considers Defendants' three objections to the report and recommendation.

Defendants first object to the recommendation that the timing of the assaults at issue was unclear and that "Peterson avers that the incident is shown on video from 9:20 AM to 10:00 AM—a timespan of 40 minutes." Doc. 39 at 2 (quoting Doc. 38 at 22). Defendants assert that this fact, taken from Peterson's sworn "initial disclosures" (Doc. 32), is contradicted by other evidence in the record. Doc. 39 at 2–3. What Peterson actually states is that "upon watching the surveillance footage from 2-5-2021 9:20 am to 10 a.m. you'll see 5 to 6 other inmates join Travis Griffin in attacking me."[1]  Doc. 32 at 11.

Whether the incident in question occurred *during* the time span of 9:20 a.m. to 10:00 a.m., or for the *duration* of that time does not resolve whether Defendants Brooks and Williams were in a position to intervene on Peterson's behalf and failed to do so. Even if Brooks and Williams took "reasonable steps to intervene and stop the 'unexpected' fight" (Doc. 39 at 3), whether they did so reasonably and promptly

---

[1] As noted in the report and recommendation, neither party has submitted video footage of this incident. *See* Doc. 38 at 21 n.10.

(*see* Doc. 29-2; Doc. 29-3), or whether they first watched for some time as Peterson avers in his sworn allegations (*see* Doc. 1; Doc. 32), remains a genuine issue of material fact to be resolved by a trier of fact. Accordingly, this objection is **OVERRULED**.

Defendants next object to the recommendation that, construing the evidence in the light most favorable to Peterson, a trier of fact could find that "Brooks and Williams did not timely intervene to stop the alleged inmate assaults, stood by for up to 40 minutes, and failed to take reasonable steps to help Peterson as he was assaulted at least twice by other inmates." Doc. 39 at 4 (quoting Doc. 38 at 22). According to Defendants, their evidence demonstrates "an unexpected fight between three inmates including Peterson." Doc. 39 at 4–5. Defendants claim that the alleged fact of "two assaults" is based on Peterson's "self-serving" complaint and initial disclosures. Doc. 39 at 4.

The fact that sworn testimony is "self-serving" is not a basis upon which this court can discount it when considering a summary judgment motion, because "a litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment." *Sears*, 922 F.3d at 1206 (citing *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018)) (ruling that the plaintiff's statements in his verified complaint, sworn response to the defendants' motion for summary judgment, and sworn affidavit "should have been treated as testimony by the district

4

court"). In his verified complaint, Peterson alleges, "I got assaulted twice before any security intervention code." Doc. 1 at 2; *see* Doc. 1 at 4, 5. Because Defendants' objection is based on disputed evidence, which the court must construe in the light most favorable to the plaintiff in ruling on a motion for summary judgment, Defendants' objection is **OVERRULED**.

Brooks and Williams' third and final objection argues that they "did not stand by and witness inmates assault Peterson without intervening and the record shows that they did in fact intervene." Doc. 39 at 7. The issue facing the court on summary judgment is not whether Defendants *ever* took any action to stop the altercation, as Peterson agrees they did so. *See* Doc. 1 at 2, 11; Doc. 32 at 2. Instead, the relevant issue—among others—is *how long* Defendants waited before taking that action, and whether they reasonably and timely could have intervened sooner. That question remains a disputed issue of material fact and, consequently, cannot be resolved on a motion for summary judgment. This objection is **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including Defendants' objections and the report and recommendation, the court **OVERRULES** Defendants' objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendation.

Accordingly, the court **ORDERS** that Defendants' motion for summary judgment is **GRANTED** as to Peterson's failure to protect claim against Defendants

Brooks and Williams, and that claim is **DISMISSED WITH PREJUDICE**.

The court further **ORDERS** that Defendants' motion for summary judgment is **DENIED** as to Peterson's failure to intervene claim against Defendants Brooks and Williams.

The remaining claim is **REFERRED** to the magistrate judge for further proceedings.

DONE and ORDERED this 6th day of February, 2023.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE